IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIKKI THURMAN,

    Plaintiff,

vs.

                                                              No. CIV 98-851 MV/LCS

WILLIAM E. BALDWIN,
individually and on behalf of WORLD
WIDE TAVERNS, INC., a New
Mexico Corporation, d/b/a STONE
FACE TAVERN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed November 20, 1998 **[Doc. 22]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

## BACKGROUND

Plaintiff Nikki Thurman ("Thurman") brings suit against her former employer William Baldwin ("Baldwin"), owner of Stone Face Tavern, alleging sexual harassment and sex discrimination. For the purpose of resolving this Motion, the Court assumes the truth of the following facts as pled in the Complaint:

Thurman was employed at Stone Face Tavern from February 1996 through February 1997. Throughout the course of her employment, Baldwin subjected Thurman to unwanted sexual

advances. In November 1996, Thurman informed Baldwin that she was pregnant. Baldwin informed Thurman that as a result of her pregnancy she would have to quit her employment in December of that year. Shortly after, Thurman's work hours were reduced. On February 27, 1997, Baldwin terminated Thurman from his employ.

Thurman contacted the Equal Opportunity Commission ("EEOC") in March 1997. The EEOC investigator indicated he would send her the appropriate paperwork to initiate a complaint. On September 10, 1997, Thurman again contacted the agency as she had not yet received the materials. On November 20, 1997, the EEOC received from Thurman a handwritten letter detailing her charges. On February 19, 1998, the EEOC received from Thurman an official EEOC form entitled "Charge of Discrimination," signed by Thurman under penalty of perjury.

Defendant now moves to dismiss on the grounds that Plaintiff failed to file her charge with the administrative agency within the statutorily proscribed period. Plaintiff responds that her handwritten letter was received by the agency within the statutory time period and that the letter satisfies the requirement for filing a charge.

**STANDARD OF REVIEW**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing

the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

Defendant asserts that the Complaint should be dismissed because the Plaintiff failed to file a charge with the EEOC within the statutorily required time period. The Court finds that Plaintiff did in fact file a charge within the required time period and will therefore deny the motion.

In order for a plaintiff to bring suit under Title VII of the Civil Rights Act of 1964, as amended, the plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. §2000e-5; *EEOC v. Shell Oil Co.*, 466 U.S. 54, 66 (1984). "The statute itself prescribes only minimal requirements pertaining to the form and content of charges of discrimination." *Shell Oil Co.*, 466 U.S. at 66. However, the statute does require that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b); *Shell Oil Co.*, 466 U.S. at 66. The required content of the charge is further defined by

the Code of Federal Regulations, § 1601.12, which requires such information as the full name and address of the person charged and the number of people employed by the employer. But, C.F.R. § 1601.12 also states that, notwithstanding the provisions requiring specific information,

> a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

*Id.*; *see also Peterson v. City of Witchita, Kansas*, 888 F.2d 1307, 1308 (10th Cir. 1989). Based on this regulation, the Tenth Circuit Court of Appeals has held that an EEOC charge is timely filed when the EEOC receives an unverified statement of the alleged conduct within the statutory period if the plaintiff later submits a formal charge, signed under oath or affirmation. *Peterson*, 888 F.2d at 1308; *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 810 (1980) (treating the date agency received unverified letter detailing conduct as date charge was filed). Under C.F.R. § 1601.12, the later verified charge relates back to the filing of the first informal charge. *Peterson*, 888 F.2d at 1308.

Although Defendant initially asserted in his Motion that the EEOC charge must be filed within 180 days of the last conduct complained of, Defendant acknowledges in his Reply that the true deadline is in fact three hundred days for claims brought in the state of New Mexico.[1] *Mohasco Corp.*, 447 U.S. at 810; *Peterson*, 888 F.2d at 1308. Further, Defendant now acknowledges in his Reply that the EEOC received Plaintiff's letter detailing the alleged conduct on November 20, 1997,

---

[1]The statutory deadline depends on whether the state itself provides a means of redressing discriminatory conduct, in which case the plaintiff is afforded additional time to pursue a claim through the state agency and then lodge a complaint with the federal agency. *Mohasco Corp.*, 447 U.S. at 810; *Peterson*, 888 F.2d at 1308.

4

within the three hundred day time period. Defendant now argues that because the EEOC did not receive the verified charge until after the time period passed, Plaintiff has failed to meet the statutory deadline. However, *Peterson v. City of Witchita, Kansas, supra*, 888 F.2d 1307, is directly on point and defeats Defendant's argument. Because Plaintiff filed a sufficiently detailed charge within the statutory period and later filed a verified charge with the EEOC, and because the verified charge relates back to the filing of the original informal charge, Plaintiff has satisfied the statutory requirements. *Id*.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. 22]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Andrew Vallejos

Attorney for Defendants:
    Agnes Fuentevilla Padilla